UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　Plaintiff,<br><br>　v.<br><br>DOXO, INC., a corporation,<br><br>STEVE SHIVERS, individually and as an officer of DOXO, INC., and<br><br>ROGER PARKS, individually and as an officer of DOXO, INC.,<br><br>　Defendants. | CASE NO. 2:24-00569-JNW<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. <u>"CONFIDENTIAL" MATERIAL AND SENSITIVE PERSONAL INFORMATION</u>

"Confidential" means documents and tangible things that may be produced or otherwise exchanged that

 (1) The designating party reasonably believes contain, describe, or disclose sensitive, non-public confidential information, such as

  a. court records, whether in this District or other courts, currently maintained under seal;

  b. information subject to a non-disclosure or confidentiality agreement;

  c. employee personnel information;

  d. a non-party's commercially sensitive information, trade secrets, or competitive or strategic initiatives that are not readily ascertainable and for which the designating party has taken reasonable steps to maintain confidentiality; and

  e. Customer Information (as defined below); or

 (2) The designating party's own commercially sensitive information, such as (a) financial or accounting information; (b) commercially sensitive internal communications or information; and (c) business negotiations, transactions, and dealings with non-parties.

"Sensitive Personal Information" means any:

 (1) Social Security number;

  (2) Sensitive health-related data including medical records;

  (3)  Biometric identifier;

  (4)  Any one or more of the following when combined with an individual's name, address, or phone number:  (a) date of birth, (b) driver's license or other state identification number, or a foreign equivalent, (c) military identification number, (d) passport number, (e) financial institution account number, or (f) credit or debit card number;

  (5)  An individual's name, if that individual is a minor;

  (6)  An individual's telephone number, email address, or home address, unless relevant to a claim or defense of any party; or

  (7)  Other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court.

"Customer Information" means any non-public personal information regarding customers, including any lists, descriptions, or other grouping of customers that are derived using non-public personal information.

3. <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material (as defined above) and Sensitive Personal Information but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material and Sensitive Personal Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material or Sensitive Personal Information.

However, the protections conferred by this agreement on confidential material do not cover information that is in the public domain or becomes part of the public domain through trial or

otherwise.

4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1  Basic Principles. A receiving party may use confidential material or Sensitive Personal Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material and Sensitive Personal Information may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material and Sensitive Personal Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. Confidential material and Sensitive Personal Information shall be treated as confidential and withheld from the public record pursuant to 16 C.F.R. § 4.9(c).

    4.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a)  the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)  the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (c)  experts, consultants, or contractors to whom disclosure is reasonably necessary for this litigation (including their employees and contractors) and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)  the court, court personnel, and court reporters and their staff;

    (e)  copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service

instructs the service not to disclose any confidential material to third parties and to immediately return or destroy all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material may not be disclosed to anyone except as permitted under this agreement; and

(g) any other witnesses whose deposition has been noticed or persons whom the disclosing party believes in good faith may be witnesses (and their respective counsel);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (and that person's counsel); and

(i) as authorized by this Court.

4.3  Other Disclosures Authorized by Law. Notwithstanding the limitations set forth in Section 4.2 and subject to taking appropriate steps to preserve confidentiality, Plaintiff may disclose confidential material and Sensitive Personal Information to other governmental entities, as provided by 16 C.F.R. §§ 4.9-4.11, 15 U.S.C. §§ 46(f), 57b-2.  Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of Plaintiff) and congressional committees. Any officers or employees of Federal or State law enforcement agencies who will have access to such confidential material and Sensitive Personal Information must maintain them in confidence, use them only for official law enforcement purposes, and sign the "Acknowledgement and Agreement to Be Bound (Government Entity)" (Exhibit B). Plaintiff shall provide a copy of the signed Exhibit B to Defendants prior to providing any confidential material to a Federal or State law enforcement agency unless the agency requests that defendant not be notified.

4.4  Filing Confidential Material. Before filing confidential material or discussing or

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-00569-JNW - 5

referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

   4.5 <u>Use of Sensitive Personal Information in Litigation</u>. No party or non-party may publicly disclose any Sensitive Personal Information without prior approval of this Court. A party or non-party seeking to file Sensitive Personal Information publicly in the docket of any action must redact such information before filing, unless the Sensitive Personal Information is relevant and necessary for the Court's understanding of the issues presented. In such circumstances, a party or non-party must file any unredacted Sensitive Personal Information under seal concurrently with a motion to seal the information.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

   5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations for Information Produced in This Litigation</u>. Except as otherwise provided in this agreement (see, *e.g.*, section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     <u>Other tangible items</u>: the producing party must affix in a prominent place

on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Designations for Information Produced to Plaintiff During Investigation</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, material that qualifies for protection under this agreement and that was provided to Plaintiff during its investigation leading to this action with the designation "CONFIDENTIAL" is will be treated as confidential under this Order.

5.4 <u>Manner and Timing of Designations for Other Information in Plaintiff's Possession</u>. For any other material in Plaintiff's possession that is entitled to confidentiality under the Federal Trade Commission Act, or any regulation, interpretation, or precedent concerning documents in the possession of Plaintiff, such material shall be treated as confidential material for purposes of this Order, except insofar as the Court makes or has made a determination of non-confidentiality or a challenge under the procedures described in Section 6 is successfully employed. For purposes of Section 6 relating to such materials, the party who submitted the material to Plaintiff shall be deemed the "designating party."

5.5 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention within 21 days of the challenge being made or an alternative deadline agreed upon by the parties, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

      If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

      (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

      (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-00569-JNW - 9

subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

If the designating party timely seeks a protective order from the court from which the subpoena or order issued, the party served with the subpoena or court order shall not produce any information designated in this action as confidential before a determination by the court from which the subpoena or order issued, unless the party served with the subpoena or court order has obtained the designating party's permission.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving

party must return all confidential material and Sensitive Personal Information to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision:

(a) counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material or Sensitive Personal Information;

(b) Plaintiff shall retain, return, or destroy confidential material or Sensitive Personal Information in accordance with 16 C.F.R. § 4.12, including retaining such information to assist with ongoing law enforcement or bankruptcy matters, enforcement of any final orders entered in this action, providing redress to consumers (if ordered by the Court), or any policy or research matters consistent with the Commission's mission, provided that the Commission continues to take all appropriate steps to protect the confidentiality of the materials;

(c) any law enforcement agency other than Plaintiff that has received copies of any confidential material or Sensitive Personal Information may retain such information to assist with other ongoing law enforcement matters, provided that the law enforcement agency continues to take all appropriate steps to protect the confidentiality of the materials; and

(d) any congressional committee may maintain copies of confidential materials and Sensitive Personal Information obtained from the Commission as required under 15 U.S.C. § 57b-2 and 16 C.F.R. § 4.11(b).

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 26, 2024

/s/ James Doty

James Doty (NY #4552550)
Edward Smith (DC #1725265)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-2628; jdoty@ftc.gov (Doty)
202-615-1331; esmith2@ftc.gov (Smith)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Dated: August 15, 2024

/s/ Roger M. Townsend
Roger M. Townsend
BRESKIN JOHNSON & TOWNSEND
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Telephone: (206) 652-8660

Courtland L. Reichman (*admitted pro hac vice*)
REICHMAN JORGENSEN LEHMAN
& FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401

David A. King, Jr. (*admitted pro hac vice*)
REICHMAN JORGENSEN LEHMAN
& FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7310

Ryan J. Sullivan (*admitted pro hac vice*)
REICHMAN JORGENSEN LEHMAN
& FELDBERG LLP
901 S. Mopac Expressway
Building 1, Suite 300
Austin, TX 78746
Telephone: (650) 623-1401

*Attorneys for Defendants*

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2    IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

Dated this 4th day of September, 2024.

Jamal N. Whitehead
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Federal Trade Commission v. Doxo, Inc., et al.*, No. 2:24-cv-00569-JNW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

# EXHIBIT B

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND (GOVERNMENT ENTITY)

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Federal Trade Commission v. Doxo, Inc., et al.*, No. 2:24-cv-00569-JNW. I agree to comply with and to be bound by Section 4.3 of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____