1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

DOXO, INC.; STEVE SHIVERS;
ROGER PARKS,

Defendants.

CASE NO. 2:24-cv-00569

ORDER

## 1. INTRODUCTION

This matter comes before the Court on Defendants Doxo, Inc., Steve Shivers, and Roger Parks's (collectively, "Doxo") motion to compel Plaintiff Federal Trade Commission (FTC) to respond more fully to Doxo's Interrogatory No. 6. Dkt. No. 28. For the reasons explained below, the Court DENIES the motion to compel.

## 2. BACKGROUND

The FTC brings claims against Doxo under Section 5(a) of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 45(a), Section 521 of the Gramm-Leach-Bliley Act (GLB Act), 15 U.S.C. § 6821, and the Restore Online Shoppers' Confidence Act (ROSCA Act), 15 U.S.C. §§ 8401-8405. Dkt. No. 1 ¶ 1. In short, FTC

alleges that Doxo, "a third-party bill payment platform," "dupes consumers into using its service by disguising itself as their billers' official payment channel" and "adds junk fees to consumers' bills that in the bulk of cases they could avoid if they paid their biller directly." *Id.* ¶¶ 2-3.

During its presuit investigation, the "FTC issued a Civil Investigative Demand to Doxo that sought, *inter alia*, all consumer complaints and inquiries 'from any source (e.g., consumers, businesses, third parties, government entities).'" Dkt. No. 31 at 2. At first, Doxo refused. *Id.* But "[d]uring a subsequent meet-and-confer with Doxo's counsel…, counsel for the FTC proposed that Doxo produce all complaints *from a sampling of days*," and Doxo agreed. *Id.* (emphasis added). In June 2023, Doxo sent all consumer communications from an agreed-upon sample period to the FTC, totaling around 7,000 consumer communications.[1] *Id.* at 2-3. According to counsel for the FTC, "[i]n anticipation of litigation against Doxo, and at my direction, FTC employees reviewed a portion of the complaints produced by Doxo. . . . Based on that review, I performed calculations estimating the total number of relevant consumer complaints Doxo has received." *Id.* at 3. The FTC stated this estimate in its complaint, alleging that "tens of thousands of consumers have complained to Doxo that they were misled[.]" Dkt. No. 1 ¶ 6.

In Interrogatory No. 6—the request in dispute here—Doxo asked the FTC to "[s]tate all facts supporting FTC's contention that 'tens of thousands of consumers

---

[1] The FTC refers to these documents as "complaints," while Doxo claims that they are transcripts of customer service calls. *See* Dkt. No. 28 at 5, 6, 12. This may prove to be a distinction without a difference, but for now, the Court will use neutral language and refer to the documents as "consumer communications."

have complained to Doxo that they were misled,' as alleged in paragraph 6 of the Complaint." *See* Dkt. No. 28 at 3. The FTC responded:

> The FTC objects to this Interrogatory as overly broad unduly burdensome in that it asks for 'all facts' supporting the allegation. The FTC further objects to this interrogatory on the ground that discovery has only recently commenced, and Defendants have not yet completed production in response to any document requests propounded by the FTC. The FTC further objects to this Request to the extent it seeks information protected from disclosure by the deliberative process privilege, the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.
>
> Without waiving the foregoing, the FTC refers Defendants to the consumer communications (i.e., JSON files) produced by Doxo in the following Bates range: DOXO_008673-DOXO_307258.

*Id.* at 3-4.

In a later meet-and-confer, the FTC stated—and affirms again here—that it does not intend to rely on its presuit analysis to prove its claims. Dkt. No. 31 ¶¶ 8-9. Nonetheless, Doxo moves for an order compelling the FTC to respond more fully to this interrogatory. Dkt. No. 28.

## 3. DISCUSSION

Doxo moves to compel disclosure of "all facts supporting the FTC's contention that 'tens of thousands of consumers have complained to Doxo that they were misled,' as alleged in… the Complaint" Dkt. No. 28 at 3. According to Doxo, "the factual basis for an allegation is neither privileged nor work product, but rather facts subject to discovery." Dkt. No. 28 at 5 (citing cases).

The FTC counters that Doxo is already in possession of the approximately 7,000 consumer communications that form the factual basis for the FTC's "tens of thousands" allegation. *See* Dkt. No. 31 at 2-3. The FTC thus argues that Doxo seeks

1   to discover not merely facts but rather the details of its presuit analysis, which the

2   FTC argues is "quintessential work product." Dkt. No. 28 at 8. The Court agrees.

### 3.1    Legal Standard.

The work-product doctrine protects from discovery material that is (1)
obtained and prepared by an attorney or the attorney's agent (2) in anticipation of
litigation or preparation for trial. Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329
U.S. 495, 509-12 (1947). The primary aim of work-product protection is to "prevent
exploitation of a party's efforts in preparing for litigation." *Admiral Ins. Co. v. U.S.
Dist. Ct. for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989)

Work product falls into two general categories: ordinary and opinion. *See
Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576-7 (9th Cir. 1992).
Ordinary work product, which includes factual investigations, enjoys only qualified
immunity from discovery. *See Hausman v. Holland Am. Line-U.S.A.*, No. CV11-
1308 BJR, 2015 WL 8327934, at *1-2 (W.D. Wash. Dec. 9, 2015). A party may obtain
discovery of ordinary work product by demonstrating "substantial need of the
materials in the preparation of the party's case and that the party is unable without
undue hardship to obtain the substantial equivalent of the materials by other
means." *Holmgren*, 976 F.2d at 576 (quoting Fed. R. Civ. P. 26(b)(3)). By contrast,
opinion work product, which includes attorneys' "mental impressions, conclusions,
or legal theories" (*see* Fed. R. Civ. P. 26(b)(3)(B)), enjoys nearly absolute immunity
from discovery. *Id.* at 577. "A party seeking opinion work product must make a
showing beyond the substantial need/undue hardship test required under Rule

26(b)(3) for non-opinion work product." *Id.* "[O]pinion work product may be discovered and admitted when mental impressions are at issue in a case and the need for the material is compelling." *Id.*

**3.2    Doxo's motion to compel seeks protected opinion work product.**

The FTC's presuit analysis of the consumer communications is assuredly protected work product—it was prepared in anticipation of litigation by the FTC's attorneys. *See Hickman*, 329 U.S. at 511-12. Doxo offers no real pushback on this point. *See generally* Dkt. No. 28. And perhaps for this reason, Doxo frames its motion to compel as "seek[ing] not the FTC's analysis, but rather the factual basis for the complaint's allegations." *Id.* at 12.

But if it is "just the facts" supporting the FTC's allegation about "tens of thousands" of aggrieved consumers that it seeks, Doxo already possess the 7,000 or so consumer communications that prompted the FTC's allegation. *See generally* Dkt. No. 28. This is where Doxo's argument morphs: it contends that it "does not understand the basis for the allegation" because those communications "cover a wide range of issues," not just complaints. *Id.* at 5. In other words, what Doxo really seeks is not the factual basis for the "tens of thousands" allegation, but rather the FTC's counsel's opinion about which of those 7,000 communications are "complaints" and their method for divining the "tens of thousands" figure. But counsel's mental impressions, conclusions, opinions, or legal theories about the litigation are classic opinion work product. *Republic of Ecuador v. Mackay* 742 F3d 860, 869, n.3 (9th Cir. 2014).

Thus, the Court concludes that Doxo seeks protected opinion work product from the FTC. The question now becomes whether the FTC has waived that protection.

### 3.3    The work-product protection surrounding the FTC's presuit analysis is neither waived nor overcome.

Doxo argues that the FTC waived any work-product protection over its presuit analysis by presenting its conclusion from that analysis as an allegation in the Complaint. Dkt. No. 28 at 5. The Court disagrees. If the FTC's presuit analysis were squarely at issue in this case and there was a compelling need for it, then work-product protection would not bar discovery. *See Holmgren*, 976 F.2d at 577. But the FTC has made clear that it will "not rely on its pre-suit analysis to prove its claims" and that "after receiving discovery from Doxo, [it will] perform a definitive analysis of complaint volume and produce the information supporting that analysis to the extent required by the Federal Rules." Dkt. No. 31 ¶ 8. This is sufficient for the Court to find that the FTC is not engaged in a "game of ducks and drakes"— that is, resisting discovery now based on work product and later waiving the protection to use its presuit analysis as evidence. *See Reynolds Metals Co. v. Yturbide*, 258 F.2d 321, 335 (9th Cir. 1958) (Chambers, J., concurring and dissenting). So on this record, Doxo has not demonstrated that the protected material is at issue or in any way vital to this case.

Nor has Doxo shown substantial need for the material or undue hardship in producing its own—perhaps contrary—analysis of the consumer communications. Indeed, Doxo already has the consumer communications. If Doxo believes that the

"tens of thousands" assertion is so lacking in support as to be "scandalous," it can move to strike the allegation from the Complaint. *See* Fed. R. Civ. P. 12(f). A motion to compel is not the proper means to challenge the factual merits of the FTC's pleadings.

Finally, the mere fact that the discovery request at issue is a contention interrogatory does not change the outcome. "The following factors are considered in determining the propriety of contention interrogatories: 1) whether the request requires the attorney to disclose theories, mental impressions, or work product; 2) whether the information is in the hands of the proponent or respondent; 3) whether it makes sense to seek the information at an early stage of litigation before substantial discovery has occurred; 4) how does the request made at this stage further the adjudication of the case; and 5) whether the benefits of the early request outweigh the burden in responding." *City of Moses Lake v. United States*, No. CV-04-0376-AAM, 2005 WL 8158741, at *3 (E.D. Wash. Nov. 29, 2005) (citing *Nelson v. Cap. One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001)).

Given that (1) Doxo seeks opinion work product; (2) Doxo already has possession of the factual basis underlying the FTC's opinions; (3) the FTC does not intend to rely on its presuit opinions to prove its claims; (4) this dispute does not advance the disposition of the case; and (5) discovery is still ongoing, the Court finds that the FTC has adequately responded to Interrogatory No. 6 by referring Doxo to the consumer communications that Doxo produced in presuit discovery. No further response is required.

1

## 4.  CONCLUSION

In sum, the Court FINDS that the FTC has adequately responded to Interrogatory No. 6, and that Doxo's request for more information runs afoul of the work-product doctrine. The Court therefore DENIES Doxo's motion to compel.

It is so ORDERED.

Dated this 16th day of December, 2024.

Jamal N. Whitehead
United States District Judge