UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

DOXO, INC., a corporation; STEVE SHIVERS, individually and as an officer of DOXO, INC.; and ROGER PARKS, individually and as an officer of DOXO, INC.,

Defendants.

C24-0569 TSZ

ORDER

THIS MATTER comes before the Court on Defendants' Motion to Compel Responses to Interrogatories Nos. 7 and 9 ("Motion to Compel"), docket no. 46, and Defendants' Motion to Seal Portions of Defendants' Motion to Compel ("Motion to Seal"), docket no. 45, (collectively, the "Motions"). Having reviewed all papers filed in support of, and in opposition to, the Motions, the Court enters the following order.

**Background**

The Federal Trade Commission ("FTC") brought this lawsuit against Defendants, alleging violations of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6821 ("GLBA"), and the Restore Online

ORDER - 1

Shoppers' Confidence Act, 15 U.S.C. § 8403, ("ROSCA").  Compl. at ¶¶ 76–81, 85–86, 91–94 (docket no. 1).  The Court provided a description of the FTC's allegations in this case in a prior Order, docket no. 37, and will not repeat them here.

On September 16, 2024, counsel for the FTC signed and dated responses to two of Defendants' interrogatories as follows:

> **INTERROGATORY NO. 7:** **Identify the specific changes that the FTC contends Doxo must make to its website and advertising in order to comply with the FTC Act, the Gramm-Leach Bliley Act, and ROSCA.**
>
> **RESPONSE**: The FTC objects to this request on the ground that it is not relevant to any claim or defense in this action, vague and ambiguous, and overly burdensome. The FTC further objects to this Request to the extent it seeks information protected from disclosure by the deliberative process privilege, the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.
>     Without waiving the foregoing objections, the FTC responds that the Complaint sets forth Doxo's violations of FTC Act, the Gramm-Leach-Bliley Act, and ROSCA and refers Defendants to the FTC's responses to Interrogatories 1 through 5, *supra*.
>
> **INTERROGATORY NO. 9:** **Describe with specificity each form of relief the FTC seeks in this case.**
>
> **RESPONSE**: The FTC objects to this interrogatory on the ground that discovery has only recently commenced and the FTC has not yet formulated any specific request for relief.
>     Subject to the foregoing, the FTC responds that it seeks an injunction, as well as monetary relief the Court finds necessary to redress injury to consumers. Specifically, the FTC seeks monetary relief pursuant to Section 19 of the FTC Act, 15 U.S.C. § 57b, which authorizes the Court to "grant such relief as the court finds necessary to redress injury to consumers," which relief includes "the refund of money or return of property" and "public notification." Based on information currently available, the FTC believes that the redress in this case includes: (1) the total dollar amount of delivery fees paid by consumers for non-direct billers; (2) the total dollar amount of doxoPLUS subscription fees paid by consumers; (3) the total dollar amount paid by consumers to Doxo.

FTC Responses and Objections to Defendants' First Set of Interrogatories at 9–11, Ex. A to King Decl. (docket no. 47-1).  In a letter sent to counsel for the FTC and dated September 27, 2024, counsel for Defendants stated that the FTC's response to Interrogatory 9 lacked any explanation of the injunction that the FTC seeks and the FTC provided no substantive response to Interrogatory 7.  Def. Counsel Letter at 2, Ex. B to King Decl. (docket no. 47-2).  Defendants claimed these responses are "inappropriate," "the FTC must provide details of the injunction that is seeks," and "[f]urther discovery is not necessary to the FTC to articulate now what behavior, specifically, it seeks to enjoin so that Doxo may fairly defend itself." Id.  In a series of email exchanges between counsel in April 2025, Defendants stated they would file a motion to compel if the FTC intended to provide no further information on the injunctive relief sought or how, in the FTC's view, Doxo can comply with the law.  See Ex. D to King Decl. (docket no. 47-4 at 2–3).  The FTC reiterated the same positions espoused in its responses to Defendants' interrogatories.  Id. at 2.  Defendants then filed the pending Motions.

**Discussion**

**A.     Motion to Seal**

Defendants filed a motion to permanently seal (1) portions of their Motion to Compel and (2) Exhibit C attached in support of the Motion to Compel.  See Mot. to Seal at 2 (docket no. 45).  The FTC has not filed a response to the Motion to Compel and appears to agree at least that Exhibit C should be sealed.  See id. at 2 n.1.  Therefore, the Court considers Defendants' Motion to Seal to be unopposed.

Pursuant to this district's local rules, a motion to seal a document must include a specific statement that explains (1) the legitimate private or public interest that warrant the relief sought; (2) the injury that will result if the relief sought is not granted; and (3) why a less restrictive alternative to the relief sought is not sufficient. See Local Civil Rule 5(g)(3). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). A good cause showing under Federal Rule of Civil Procedure 26(c) will suffice to keep sealed records attached to non-dispositive motions. Id. at 1180. However, public access to filed motions and their attachments does not merely depend on whether the motion is technically "dispositive"; public access turns on whether the motion is more than tangentially related to the merits of a case. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Before the Court may seal a record, it must find a compelling reason to seal and be able to articulate the basis for its ruling without relying on hypothesis or conjecture. Moussouris v. Microsoft Corp., 2018 WL 1159251, at *6 (W.D. Wash. Feb. 16, 2018), report and recommendation adopted, 2018 WL 1157997 (W.D. Wash. Mar. 1, 2018). Some district courts in the Ninth Circuit, including those in the Northern District of California, have granted motions to seal settlement communications. See Milliner v. Mut. Sec., Inc., 2021 WL 2645794, at *5 (N.D. Cal. June 28, 2021) (concluding that the importance of protecting confidential settlement communications and materials in order

1  to promote settlement satisfies the more demanding "compelling reasons" standard to
2  seal judicial records and collecting cases).
3       Here, Exhibit C, docket no. 49, is a prelitigation proposed settlement document.
4  This filing is not more than tangentially related to the merits of this case.  Therefore, the
5  compelling reasons standard to seal Exhibit C to protect confidential settlement
6  communications and materials is satisfied.  The standard is not satisfied as to the sealed
7  Motion to Compel, docket no. 48, which contains only general quotes from Exhibit C.
8       Accordingly, Defendants' Motion to Compel, docket no. 45, is GRANTED in part
9  and DENIED in part, and the Clerk is ORDERED to unseal docket number 48.  See
10 Local Civil Rule 5(g)(6).  Exhibit C, docket no. 49, shall remain under seal.

11 **B.  Motion to Compel**

12      The scope of discovery is broad: "Parties may obtain discovery regarding any
13 nonprivileged matter that is relevant to any party's claim or defense and proportional to
14 the needs of the case" and considering six factors.  Fed. R. Civ. P. 26(b)(1).  "An
15 interrogatory may relate to any matter that may be inquired into under Rule 26(b)."  Fed.
16 R. Civ. P. 33(a)(2).  "Each interrogatory must, to the extent it is not objected to, be
17 answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  A party
18 seeking discovery may move for an order compelling an answer if a party fails to answer
19 an interrogatory submitted under Rule 33.  Fed. R. Civ. P. 37(a)(3)(B).  An evasive or
20 incomplete disclosure, answer, or response is treated as a failure to answer.  Fed. R. Civ.
21 P. 37(a)(4).  "The party who resists discovery has the burden to show that discovery
22 should not be allowed, and has the burden of clarifying, explaining, and supporting its
23

ORDER - 5

1 objections." Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997).

**1.  Interrogatory 7**

Interrogatory 7 asks the FTC to identify specific changes that the FTC contends Doxo must make to its website and advertising in order to comply with the FTCA, the GLBA, and ROSCA.  See FTC Responses and Objections to Defendants' First Set of Interrogatories at 9–10, Ex. A to King Decl. (docket no. 47-1).

This interrogatory is overbroad, and the FTC has provided a sufficient response. The FTC is not required to redline Doxo's website and suggest line-by-line edits to advise Defendants on how Doxo can, in the FTC's opinion, comply with the FTCA, the GLBA, and ROSCA.  Additionally, the Complaint is replete with information that explains how the FTC believes Doxo's website violates federal law and harms consumers.  The authorities Defendants cite do not counsel otherwise.  Several cases Defendants discuss concern Federal Rule of Civil Procedure 65[1] and the adequacy of injunction orders entered by district courts.  See Mot. to Compel at 5–6 (docket no. 46). The Court is not asked today to enter any order granting injunctive relief, so the requirements of Rule 65 are inapplicable.

In their reply brief, Defendants claim that Interrogatory 7 "seeks only an identification of Doxo's actual practices that must be changed to cure the violations

---

[1] This Rule states, in relevant part, the following: "Every order granting an injunction . . . must (A) state the reasons why it issued; (B) state its terms specifically; and (3) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).

alleged here."  Reply at 2 (docket no. 52).  However, Interrogatory 7 asks the FTC to "[i]dentify the *specific changes* that the FTC contends Doxo must make," not what *specific aspects* of Doxo's website and advertising must be changed in order to comply with federal law.  FTC Responses and Objections to Defendants' First Set of Interrogatories at 9, Ex. A to King Decl. (docket no. 47-1) (emphasis added).

        2.        **Interrogatory 9**

Interrogatory 9 asks the FTC to describe with specificity each form of relief the FTC seeks.  See FTC Responses and Objections to Defendants' First Set of Interrogatories at 11, Ex. A to King Decl. (docket no. 47-1).

The FTC claims that it will seek an injunction that it will present to the Court with its summary judgment motion, as is "standard."  Opp. at 3 (docket no. 50).  The FTC cites several cases in support of this proposition.  See id.  The courts in those cases merely noted that the FTC filed proposed injunctions concurrently with motions for summary judgment as part of a summary of the procedural posture of the case, or the defendants in those cases did not even object to that procedure.  See e.g., FTC v. QYK Brands LLC, 2022 WL 2101720, at *2 (C.D. Cal. Apr. 22, 2022) (noting that the defendants could have more specifically challenged particular aspects of the FTC's proposed injunction "months ago" when the FTC filed its motion for summary judgment); see also Fed. Trade Comm'n v. SPM Thermo-Shield, Inc., 2022 WL 833644, at *4 (M.D. Fla. Mar. 21, 2022) ("The FTC states that if summary judgment is granted, it will provide the Court with a proposed injunction for its review. Defendants have not objected to such a procedure.").  Here, Defendants argue that the FTC's proposed

ORDER - 7

procedure that delays disclosure of the scope of injunctive relief sought prohibits Defendants from formulating a defense and taking discovery on related issues. See Reply at 4 (docket no. 52). Nevertheless, Defendants have not cited to any case where a court has held that a party must disclose the specific injunctive relief sought prior to the close of discovery and the filing of dispositive motions. The cases cited by Defendants that discuss injunctions issued under Rule 65 are inapplicable, as the Court explained above. If Defendants feel they had an insufficient opportunity to take discovery related to the FTC's injunctive relief after the FTC files its dispositive motion, that issue can be raised and addressed at an appropriate time.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendants' Motion to Seal, docket no. 45, is GRANTED in part and DENIED in part. The Clerk is ORDERED to unseal docket number 48. See Local Civil Rule 5(g)(6). Exhibit C, docket no. 49, shall remain under seal.

(2) Defendants' Motion to Compel, docket no. 46, is DENIED.

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 18th day of June, 2025.

Thomas S. Zilly
United States District Judge

ORDER - 8