UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

DOXO, INC., a corporation; STEVE SHIVERS, individually and as an officer of DOXO, INC.; and ROGER PARKS, individually and as an officer of DOXO, INC.,

    Defendants.

C24-0569 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The Federal Trade Commission's Motion for Protective Order Quashing Defendants' 30(b)(6) Notice, docket no. 59, is GRANTED in part and DENIED in part as follows:

    (A) <u>Standard for Protective Orders</u>. A party from whom discovery is sought may move for a protective order in the court where the action is pending. Fed. R. Civ. P. 26(c)(1). The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(D). If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery. Fed. R. Civ. P. 26(c)(2).

MINUTE ORDER - 1

(B)    Work Product Privilege.  Federal Rule of Civil Procedure 26(b)(3) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."  Fed. R. Civ. P. 26(b)(3)(A).  Materials constituting work product may be discovered, however, if they are otherwise discoverable under Rule 26(b)(1), and the requesting party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A)(i)–(ii).  "The work-product doctrine is a 'qualified' privilege that protects from 'discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'"  United States v. Sanmina Corp., 968 F.3d 1107, 1119 (9th Cir. 2020) (quoting Admiral Ins. Co. v. U.S. Dist. Ct., 881 F.2d 1486, 1494 (9th Cir. 1989)).  "'At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case,' and protects both 'material prepared by agents for the attorney as well as those prepared by the attorney himself.'"  Id. (quoting United States v. Nobles, 422 U.S. 225, 238–39 (1975)).  The doctrine "upholds the fairness of the adversarial process by allowing litigators to creatively develop legal theories and strategies—without their adversaries invoking the discovery process to pry into the litigators' minds and free-ride off them."  In re Grand Jury, 23 F.4th 1088, 1093 (9th Cir. 2021).

Several of Defendants' deposition topics ask the FTC to explain its beliefs about its various claims and the reasons why it holds those beliefs.  Such inquiries go beyond "the facts" that Defendants seek through deposition testimony and impermissibly implicates the work product privilege.  Accordingly, the FTC's Motion for Protective Order, docket no. 59, is GRANTED as to Topics 6–8, 11–14, 16, 20–22, 25.  See Attach. 1 of Ex. A of Doty Decl. at 6–10 (docket no. 60-1).

(C)    The deliberative process privilege protects the internal decision making processes of government agencies, including "documents 'reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"  Am. C.L. Union of N. California v. United States Dep't of Just., 880 F.3d 473, 490 (9th Cir. 2018) (internal quotation marks omitted) (quoting N. L. R. B. v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975)).  Under this privilege, a government can withhold documents or prevent testimony.  Martins v. United States Citizenship & Immigr. Servs., 962 F. Supp. 2d 1106, 1121 (N.D. Cal. 2013).

The Court concludes that Topics 4 and 32, see Attach. 1 of Ex. A of Doty Decl. at 6 & 11 (docket no. 60-1), invade the deliberative process privilege, and therefore good cause exists to forbid Defendants from inquiring about this

MINUTE ORDER - 2

information.  The FTC's Motion for Protective Order, docket no. 59, is GRANTED as to Topics 4 and 32.

(D)     Defendants' Motion to Compel.  Topic 17 inquires about "[a]ny and all injunctive relief sought by the FTC for Doxo's allegedly unlawful conduct, including the terms sought."  Attach. 1 of Ex. A of Doty Decl. at 8 (docket no. 60-1).  The Court previously denied Defendants' Motion to Compel, docket no. 46, that addressed the same topic.  See Order at 7–8 (docket no. 54).

Accordingly, the FTC's Motion for Protective Order, docket no. 59, is GRANTED as to Topic 17.

(E)     Relevance.  Good cause exists to issue a protection order when the discovery sought is irrelevant.  Microsoft Corp. v. Search People Enters. Ltd., 2025 WL 388640, at *1 (W.D. Wash. Feb. 4, 2025).  Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  In re Williams-Sonoma, Inc., 947 F.3d 535, 539 (9th Cir. 2020) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350–51 (1978)).

Topic 15 (the FTC's beliefs about what steps the individual Defendants could have taken to avoid individual liability) and Topic 33 (the FTC beliefs about who should be permitted to remit online payments to billers) concern irrelevant information.  See Attach. 1 of Ex. A of Doty Decl. at 8 & 11 (docket no. 60-1).  Accordingly, the FTC's Motion for Protective Order, docket no. 59, is GRANTED as to Topics 15 and 33.

(F)     Topics otherwise permissible after modification.  The Court has broad discretion and authority to manage discovery.  See U.S. Fidelity & Guar. Co. v. Lee Inv. LLC, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) (citing California ex rel. California Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998)).  "The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested."  Thompson v. Experian Info. Sols., Inc., 2025 WL 1819774, at *2 (N.D. Cal. July 2, 2025) (citing Crawford-El v. Britton, 523 U.S. 574, 598 (1998)).  Several of Defendants' topics are, as currently written, overly broad or overly burdensome.  A blanket protective order for several remaining topics is not appropriate, but the Court amends them to address concerns of imposing an excessive burden and DENIES the FTC's Motion, docket no. 59, as to the following amended topics:

Topic 1 is amended to read as follows: "The identity and subjects of discoverable information of all witnesses the FTC may call at trial and/or any hearing."  Topic 31 is duplicative of Topic 1 and is therefore STRICKEN.  See Attach. 1 of Ex. A of Doty Decl. at 5 & 11 (docket no. 60-1).

MINUTE ORDER - 3

   Topic 2 is amended to read as follows: "All individuals, persons, and entities listed on your Initial Disclosures, including the communications with the FTC of each and subjects of discoverable information." See Attach. 1 of Ex. A of Doty Decl. at 5 (docket no. 60-1).  Providing "information" and "knowledge" of all such individuals and entities through a deposition is overly burdensome and goes beyond what is required under Rule 26(a)(1)(A)(i).

   Topic 3 is amended to read as follows: "The declarations of the following individuals and whether the declarants intend to testify at trial."  The Court incorporates the list of individuals stated in the original Topic 3 herein.  See Attach. 1 of Ex. A of Doty Decl. at 5–6 (docket no. 60-1).

   Topic 5 is amended to read as follows: "Aspects with Doxo's advertising, marketing, promotion, or provision of bill payment services the FTC contends Doxo should address."  The original Topic 5 contained language about "potential changes that may address the problems" the FTC identifies with Doxo's service or payment flow, see Attach. 1 of Ex. A of Doty Decl. at 6 (docket no. 60-1), but the Court previously rejected further responses to an interrogatory calling for the FTC to provide Defendants with specific changes.  See Order at 6 (docket no. 54).  That materially similar language has been stricken here from the original Topic 5.

   Topic 28 is amended to read as follows: "Any statements made by Doxo that the FTC contends violate the FTC Act."  See Attach. 1 of Ex. A of Doty Decl. at 10 (docket no. 60-1).

   Topic 29 is amended to read as follows: "Any statements made by Doxo that the FTC contends violate the GLB Act."  See Attach. 1 of Ex. A of Doty Decl. at 10 (docket no. 60-1).

   Topic 30 is amended to read as follows: "Any statements made by Doxo that the FTC contends violate ROSCA."  See Attach. 1 of Ex. A of Doty Decl. at 10 (docket no. 60-1).

   (G) Remaining Topics.  What remains are permissible contention inquiries and questions seeking to clarify the scope of the FTC's lawsuit and requested relief.  Accordingly, the FTC's Motion for Protective Order, docket no. 59, is DENIED as to Topics 9–10, 18–19, 23–24, and 26–27.  See Attach. 1 of Ex. A of Doty Decl. at 5–6 (docket no. 60-1).

  (2) The deadline to complete discovery is EXTENDED to November 3, 2025.  The deadline to file dispositive motions and motions related to expert witnesses is EXTENDED to November 20, 2025.

MINUTE ORDER - 4

(3)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 5th day of September, 2025.

                                              Ravi Subramanian
                                              Clerk

                                              s/Laurie Cuaresma
                                              Deputy Clerk

MINUTE ORDER - 5