UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

DOXO, INC., a corporation; STEVE
SHIVERS, individually and as an
officer of DOXO, INC.; and ROGER
PARKS, individually and as an officer
of DOXO, INC.,

Defendants.

C24-0569 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion to exclude Defendants' expert witness Zachary Luse, docket no. 94, brought by Plaintiff Federal Trade Commission ("FTC"), is DENIED. A witness who is qualified as an expert may testify in the form of an opinion if (a) the expert's testimony will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. Fed. R. Evid. 702. Luse has the requisite expertise to testify about search engine optimization, digital marketing, web analytics, web tracking, and online consumer behavior relating to advertisements. See Luse Report at ¶¶ 6–25, Attach. 237 to Doty Decl. (docket no. 84-37); Luse Dep. at 25:02–29:11, Attach. 37 to Doty Decl. (docket no. 79-37). Although Luse concedes that he lacks knowledge about consumer beliefs and consumer perceptions, see Luse Dep. at 33:13–24, he is nevertheless qualified to provide relevant

MINUTE ORDER - 1

and reliable expert testimony as set forth in his report.  See, e.g., Luse Report at ¶¶ 37–58.  Contrary to the FTC's contention, Luse's opinions regarding Doxo's efforts to comply with Google's and Microsoft's advertisement policies might be helpful to the trier of fact and would not intrude upon the province of the jury.  See Fed. R. Evid. 702. The FTC's arguments that Luse's opinions concerning consumers' abilities to differentiate between advertisements and organic search results/headlines and to notice the word "Doxo" in Doxo's advertisements and landing pages, as well as consumers' experiences with third-party reseller advertisements, are unreliable go to weight, not admissibility.  See Teradata Corp. v. SAP SE, 124 F.4th 555, 566–72 (9th Cir. 2024). The Court rejects the proposition that Luse must be an expert in trademarks or trademark law to offer testimony about Doxo's advertising practices and efforts to comply with Google's and Microsoft's policies, and to the extent that Luse's opinions are inconsistent with his deposition testimony or the anticipated testimony of Doxo's employees, such conflicts are more appropriately addressed in cross-examination than by way of Luse's exclusion from trial.

(2)    The FTC's motion to exclude Defendants' expert Margaret Daley, docket no. 97, is also DENIED.  The FTC does not dispute and the Court concludes that Daley is qualified to testify about the analysis performed by a team of trained reviewers and the results of such work.  Daley selected a statistically significant (margin of error rate of $\pm$ 5%) sample of the 369,262 consumer communications with Doxo and complaints made to third parties, namely various State Attorneys General, the Consumer Financial Protection Bureau, and the Better Business Bureau ("BBB")[1]).  See Daley Report at ¶¶ 2–3 & 64–66, Ex. 43 to King Decl. (docket no. 114-22).  Daley created a questionnaire containing 40 questions that the trained reviewers answered about the 399 randomly-chosen samples.  Id. at ¶¶ 59–67.  Based on the reviewers' responses, Daley formed opinions concerning the percentages of (i) consumers who believed they were making payments on their biller's (rather than Doxo's) websites or that Doxo was affiliated with their biller, (ii) consumers who were unaware of or confused about transaction fees, (iii) consumers who stated they felt scammed, deceived, or defrauded, (iv) Doxo subscribers who were unaware that they had a doxoPLUS subscription, and (v) Doxo subscribers who were unaware of or confused by the fees associated with a doxoPLUS subscription.  Id. at ¶ 85.  Extrapolating from the sample, Daley computed the number of consumer communications that reflected the type of complaint or confusion at issue and then used a variety of denominators (total number of Doxo users, transactions, page visits, ad impressions, doxoPLUS subscribers, doxoPLUS subscriber months) to compute percentages.  See Ex. 11 to Daley Report; see also Daley Report, Ex. 43 to King Decl. (docket no. 114-22 at 17 n.43); Daley Dep. at 80:18–82:25, Attach. 115 to Doty Decl.

---

[1] The FTC's request to exclude Daley's testimony as a sanction for not producing data relating to the 29 components of the questionnaire for which she has not offered any calculation or opinion is DENIED.  See Mot. at 7 (docket no. 97).

MINUTE ORDER - 2

(docket no. 81-15).  For example, 8 of the 399 communications in the sample indicated feeling deceived, scammed, or defrauded, which translates to 2.005%, which is equivalent to 7,404 of the 369,262 communications from which the sample was pulled; when expressed as a percentage of the 7,969,119 Doxo users or 21,723,255 transactions during the relevant timeframe, the figures become 0.0929% and 0.0341%, respectively.  See Ex. 11 to Daley Report; Daley Report at ¶ 37 & 74; Daley Dep. at 84:16–85:22.  The FTC contends that Daley's figures are unreliable, but its arguments relate primarily to Daley's math, which is not complex and does not require any expertise in statistics.  Indeed, as mentioned during oral argument, Defendants' attorney could, if necessary, perform the math during closing argument, but seeks the convenience and/or imprimatur of expert testimony.  See Tr. (Mar. 16, 2026) at 37:13–25 (docket no. 182).  To the extent that Daley's math is premised on flawed reasoning, the FTC's challenges go to weight, not admissibility, and the FTC's attacks on Daley's deduced percentages are best explored in cross-examination and through the FTC's own expert's testimony.  To hold otherwise would improperly embroil the Court in the battle of the experts.

(3)    Defendants' motion to exclude the FTC's expert Patrick McAlvanah, Ph.D., docket no. 95, is DENIED.  Like Defendants' expert Margaret Daley, Dr. McAlvanah opted, when faced with the task of reviewing a large number of Doxo's consumer communications, to draw a random sample.  See McAlvanah Report at ¶¶ 3–4, Attach. 112 to Doty Decl. (docket no. 107-6).  A colleague, Molly Smith,[2] reviewed the communications.  See id. at ¶ 5.  Defendants' separate motion to exclude Smith's testimony is addressed in Paragraph 4 of this Minute Order.  With regard to Dr. McAlvanah, Defendants have moved to exclude him because he is not an expert on consumer confusion, but they do not dispute that he has the requisite qualifications to testify about statistics.  Dr. McAlvanah has not opined about the cause or reasonableness of any consumer confusion, see McAlvanah Dep. at 27:8–28:11, Ex. 3 to King Decl. (docket no. 106); rather, he has performed the same type of math as Defendants' expert Daley, but on different figures, namely the results of Smith's review of a statistically significant sample of Doxo's consumer communications.  Defendants' contention that Dr. McAlvanah's testimony is unreliable because he did not review Smith's work goes to weight, not admissibility.  See Mighty Enters., Inc. v. She Hong Indus. Co., 745 F. App'x 706, 709 (9th Cir. 2018) ("[The defendant's] challenge to [the plaintiff's] expert, namely that he parroted certain costs from amounts provided to him by [the plaintiff], does not render the testimony inadmissible.  It is relevant to the persuasiveness of his testimony, not its admissibility." (citing Alaska Rent–A–Car, Inc. v. Avis Budget Grp., Inc., 738 F.3d 960, 970 (9th Cir. 2013), and Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1018 n.14 (9th Cir. 2004)).  Dr. McAlvanah has not offered (and would not be

---

[2] Smith is an FTC Honors Paralegal whose job responsibilities include "providing litigation and investigation support" to FTC attorneys and other staff.  Smith Decl. at ¶¶ 3–4, Ex. 2 to King Decl. (docket no. 103-2).

MINUTE ORDER - 3

permitted to offer) any opinion concerning the accuracy of Smith's results, see Resp. at 7 (docket no. 132); see also Fed. R. Evid. 608, and the question of whether Smith's methodology supports the figures that Dr. McAlvanah has computed is a matter for cross-examination and critique by Defendants' expert Daley.  To be clear, however, no expert (McAlvanah, Daley, or anyone else) and no lay witness (including Molly Smith) will be permitted to offer an opinion about the ultimate issues for the jury to decide, for example, whether Defendants engaged in a deceptive act or practice that was "likely to mislead consumers acting reasonably under the circumstances," see FTC v. Stefanchik, 559 F.3d 924, 928 (9th Cir. 2009).  See Hangarter, 373 F.3d at 1016–17.

(4)    Defendants' motion in limine, docket no. 174, to exclude Molly Smith's testimony is DENIED.  A lay witness may testify to a matter "if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  A lay witness may also offer an opinion that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.  The personal knowledge requirement under Rule 602 is the same as that under Rule 701(a).  United States v. Lopez, 762 F.3d 852, 864 (9th Cir. 2014).  Defendants argue that, because Smith has no personal knowledge of any consumer interaction with Doxo (i.e., "she did not participate in, observe, or overhear a single customer support call, email, or chat," Mot. at 5 (docket no. 174)) and is not being offered as an expert, she cannot tell the jury about the work she performed.  The Ninth Circuit has, however, rejected this contention in the context of a lay witness's interpretation of recorded conversations.  See United States v. Cervantes, 2021 WL 2666684, at *1 (9th Cir. June 29, 2021) (indicating that a lay witness need not have participated in the recorded conversation to provide an opinion about the meaning of ambiguous statements made therein (citing United States v. Gadson, 763 F.3d 1189, 1207 (9th Cir. 2014))).  Smith's review of samples of Doxo's consumer communications is analogous to the Bureau of Prisons officer's and the investigating officer's analysis of the recorded conversations in Cervantes and Gadson, respectively.  After the FTC's expert Dr. McAlvanah selected a statistically significant sample (450) of Doxo's consumer communications, Smith and other FTC staff located documentation for 332 communications, 11 of which were in Spanish.  Smith Decl. at ¶ 6, Ex. 2 to King Decl. (docket no. 103-2).  Smith reviewed the 321 English-language communications, consisting of 9 emails, 204 phone transcripts, and 108 chatbot communications, to determine whether they involved either of two issues.  Id. at ¶ 7. "Issue 1" concerned whether a consumer expressed confusion about the relationship between Doxo and the consumer's biller.  Id. at ¶ 8.  Smith marked 52 documents as responsive to Issue 1 based on 8 criteria.[3]  Id.  "Issue 2" concerned whether a consumer

---

[3] These eight criteria are:  "(1) expressing surprise that their biller was unaffiliated with Doxo, (2) stating that they thought Doxo was an authorized payment platform, (3) stating that they did

indicated being billed for unauthorized subscription charges.  Id. at ¶ 9.  Smith marked 50 communications as responsive to Issue 2 based on two reference criteria[4] and ten responsive criteria.[5]  Id.  Contrary to Defendants' assertions, Smith's testimony will be helpful to the determination of the factual issues in this case, and it does not require the use of scientific, technical, or specialized knowledge.  Defendants' challenges go to the weight, not the admissibility of Smith's testimony, and they may probe the appropriateness of her methodology and accuracy of her results via cross-examination.

(5)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 8th day of May, 2026.

Joshua C. Lewis
Clerk

s/Grant Cogswell
Deputy Clerk

---

not know how they arrived on Doxo's website, (4) stating that they thought they were paying their biller directly, (5) requesting information regarding the amount of their bills, (6) stating that they paid Doxo by mistake, (7) stating that they had never heard of Doxo, or (8) indicating that they thought they were calling their biller directly."  Smith Decl. at ¶ 8, Ex. 2 to King Decl. (docket no. 103-2).

[4] Smith looked for references to (1) "doxoPLUS," which she understood to be the name of Doxo's subscription service, or (2) a question about a charge of $4.99 or $5.99 (or sometimes slightly higher, with tax included), which she understood to be the monthly cost of doxoPLUS.  Smith Decl. at ¶ 9, Ex. 2 to King Decl. (docket no. 103-2).

[5] Smith stated that "[t]o further determine whether the communication was responsive, I looked for statements from consumers that they:  (1) did not agree to the charges, (2) did not understand why they were being charged, (3) did not sign up for any service, (4) did not want a paid subscription when they paid their bill, (5) did not realize what they were signing up for, (6) did not expect to be charged, (7) thought they had to agree to a charge to pay their bill, (8) expected only a one-time charge, (9) thought they would be charged only if they used the service, or (10) did not know who Doxo was."  Smith Decl. at ¶ 9, Ex. 2 to King Decl. (docket no. 103-2).

MINUTE ORDER - 5